IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNTIED STATES OF AMERICA,

    Plaintiff,

vs.                                             Case No. 15-10155-JTM

NATASHA L. HARPER,

    Defendant.

MEMORANDUM AND ORDER

    This matter is before the court on defendant Natasha Harper's Motion to Vacate Sentence under 28 U.S.C. § 2255. Harper was indicted on a single count of Sex Trafficking of a Child, a violation of 18 U.S.C. § 1591(a), which has a mandatory minium sentence of ten years. Harper pled guilty under a plea agreement to a lesser charge, 18 U.S.C. § 2421, with an agreed sentence of 90 months imprisonment.

    Harper seeks both a reduction for having only a minor role in the offense under USSG 3B1.2, and a downward departure based on the age of the victim under § 5K2.22. She stresses that she "was not the only perpetrator in this crime," that others were involved in the prostitution operation, and that, although "naturally reluctant," she drove the victim to meet clients because "it would be safer" for the victim. (Dkt. 36, at 5) She contends the

victim was "only 2 months away from her 18th birthday when I was arrested." (*Id.* at 6). Finally, she objects to requiring her to pay restitution "on funds that were illegally gained," because "I do not believe one should owe someone else money from funds they have not earned in a legal manner." (*Id.* at 7).

In exchange for the plea agreement which reduced her sentence from 10 years to 90 months, Harper expressly agreed to waive her right to challenge the sentence:

> **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the conviction and sentence imposed, but by entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge her sentence, or the manner in which it was determined, or otherwise attempt to modify or change her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

The court finds no basis for granting the relief sought. The defendant expressly agreed to waive her rights to appeal or collaterally attack the sentence imposed. Such an agreement is valid if knowing and voluntary, and does not result in any miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Here, the court

ensured by careful colloquy that Harper's plea and plea agreement were voluntary and knowing. The challenges she now raises do not reflect any attack on the effectiveness of counsel in either the plea or plea agreement. Rather, her challenges are based on Sentencing Guidelines provisions which she believes should have been applied. Harper, however, was not sentenced under the Guidelines but pursuant to an agreed-to Fed.R.Crim.Pr. 11(c)(1)(C) sentence of 90 months. The court finds that the plea and collateral waiver are effective and bar the defendant's present challenge.

No miscarriage of justice arises from the application of the waiver. *See Hahn*, 359 F.3d at 1327. The sentence imposed did not rely on any impermissible consideration, the defendant received effective assistance of counsel during the plea negotiations, her sentence was within the statutory maximum, and the judicial proceedings surrounding the sentencing were entirely fair.

Moreover, the specific arguments advanced by the defendant are without merit. Section 3B1.2, which provides for a departure if a defendant plays only a minor role in the offense, requires the existence of additional participants in the criminal activity. This provision might be relevant had Harper been convicted on the original § 1591 charge of sex trafficking of a minor. But she was convicted of transportation of a minor with intent to engage in prostitution under 18 U.S.C. § 2421, which requires only a single driver. As to the offense of conviction, Harper did not play a minor role.

Section 5K2.22 does not authorize a downward departure based on the age of the *victim*. The provision is entitled, "Specific *Offender* Characteristics as Grounds for

Downward Departure in Child Crimes and Sexual Offenses." (Emphasis added). The section provides that "[a]ge may be a reason to depart downward only if and to the extent permitted by § 5H1.1." And § 5H1.1 deals with characteristics of offenders:

> Age (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with *other offender characteristics*, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.

(Emphasis added.)

Finally, the defendant's argument that requiring restitution of illegally obtained money "does not make legal sense," (Dkt. 36 at 7) is a policy argument which finds no support in the law. Congress has specifically authorized restitution for sex trafficking victims in 18 U.S.C. § 1593, and the court is empowered under 18 U.S.C. § 3663(a)(1) to require restitution whenever a defendant is convicted under Title 18, which includes the offense of conviction, 18 U.S.C. § 2421. In addition, under § 3663(a)(3), the court may order restitution "in any criminal case to the extent agreed to by the parties in a plea agreement." In the plea agreement here, Harper expressly agreed to provide "restitution in the amount of $1,500 to the victim." (Dkt. 28 at 2).

The court hereby denies the Motion to Vacate (Dkt. 36). Based upon the failure of the motion to make any substantial showing of the denial of a constitutional right, or raise

4

an issue debatable among reasonable jurists or otherwise requiring further proceedings, the court will deny a certificate of appealability under 28 U.S.C. § 22539c)(1)(B).

IT IS SO ORDERED this 10th day of February, 2017.

>   ___s/ J. Thomas Marten_____
>   J. THOMAS MARTEN, JUDGE