IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              Case No. 15-10155-01-JTM

NATASHA HARPER,

        Defendant.

MEMORANDUM AND ORDER

In a motion filed pursuant to 28 U.S.C. § 2255, Natasha Harper asks that the court vacate her conviction, arguing her guilty plea is invalid because the federal government has adopted a policy permitting the housing of biologically male preoperative transexual prisoners with biologically female prisoners. She contends that the new policy operates as an *ex post facto* modification of the terms of her confinement, and renders her plea involuntary. The court finds that Harpers's motion is a second or successive § 2255 motion and denies the motion.

Recognizing the court's decision denying her first § 2255 motion, and anticipating the application of the bar on successive claims, Harper stresses that "the former president, Barack Obama," made the transgender prisoner policy "official in January 2017." (Dkt. 40).

She argues her claim is not successive, therefore, because the policy was not in place at the time of her original petition, citing decisions such as *In re Cain*, 137 F.3d 234, 235-37 (5th Cir. 1998).[1]

However, as the Fifth Circuit has observed, *Cain* should not be interpreted mean that a claim is *automatically* nonsuccessive whenever it presents arguments "unavailable at the time of the first petition." *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cri. 2009). Rather, such a claim may be nonsuccessive "[i]f ... the purported defect did not arise, or the claim did not ripen, *until after the conclusion of the previous petition*." *Id.* at 222 (5th Cir. 2009) (emphasis added).

In *Leal*, the government argued that the second petition — advancing an "*Avena*" decision based on Article 36 of the Vienna Convention for failure to notify the Mexican consulate in capital cases involving Mexican nationals — was successive because the

---

[1] The Bureau of Prison Program Statement for the Transgender Offender Manual is available at https://www.bop.gov/policy/progstat/5200.04.pdf. However, while the Statement (which addresses a number of issues relating to transgendered prisoners) was issued January 18, 2017, the court notes that the portion of the statement relating to the initial placement of transgendered prisoners has been in effect for some time. The Statement expressly references 28 C.F.R. § 115.42(g), which provides:

> In deciding whether to assign a transgender or intersex inmate to a facility for male or female inmates, and in making other housing and programming assignments, the agency shall consider on a case-by-case basis whether a placement would ensure the inmate's health and safety, and whether the placement would present management or security problems.

This provision was adopted August 20, 2002 in furtherance of the Prison Rape Elimination Act of 2003. *See* Department of Justice, National Standards to Prevent, Detect, and Respond to Prison Rape, 77 F.R. 37-106-01, 2012 WL 231.7028, at (June 20, 2012) (announcing final rule under which, "[i]n deciding whether to assign a transgender or intersex inmate to a facility for male or female inmates ... an agency may not simply assign the inmate to a facility based on genital status").

defendant "could have amended his federal petition to include the *Avena-based* claim" before that petition was denied in 2004. The court held under the facts of the case the petition was not barred because the claim did not mature immediately on the *Avena* decision, but only after further action by the Bush administration and the State of Texas — "well after the resolution of Leal's first habeas petition." *Id.*

Harper could have moved to amend her original petition before its resolution, but did not do so. Her first § 2255 motion was decided on the merits. (Dkt. 39). *Cf. Reeves v. Little*, 120 F.3d 1136 (10th Cir. 1997) (collecting cases holding that a collateral attack is nonsuccessive where the previous challenge was denied without prejudice, without resolution on the merits). *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). A collateral claim may be barred "as either successive (because it contains only claims that have already been adjudicated in earlier habeas proceedings) or abusive (because it contains claims that could have been raised in such earlier proceedings but were not)." *Hill v. Davis*, 504 Fed.Appx. 683, 686 (10th Cir. 2012).

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 ... claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Because Harper presents a successive § 2255, the court must either dismiss the petition for lack of jurisdiction, or transfer the matter to the Tenth Circuit if it is in the interest of justice to do so under § 1631. *See Spitznas v. Boone*, 464 F.3d 1213, 1227 (10th Cir.2006). In deciding whether to transfer a matter, the court considers:

3

whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Cline*, 531 F.3d at 1251.

Here, the court declines to transfer the matter. Harper presents no reason to believe she will face any real or substantial actual danger from preoperative transexual prisoners. She has also failed to cite any authority holding that prison transexual policy is unconstitutional or violates the rights of other prisoners.

IT IS ACCORDINGLY ORDERED this 27th day of July, 2017, that defendant's Motion to Vacate (Dkt. 40) is hereby denied and dismissed.

                                            ___s/ J. Thomas Marten_____
                                            J. THOMAS MARTEN, JUDGE