IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff,

v.                                      Case No. 15-10155-01-JTM

NATASHA HARPER,
         Defendant.

MEMORANDUM AND ORDER

Defendant Natasha Harper was sentenced on July 18, 2016 pursuant to a Petition to Enter Plea of Guilty and Order Entering Plea (Dkt. 28) to a term of 90 months imprisonment on one count of transportation to engage in prostitution contrary to 18 U.S.C. §2421. (Dkt. 34). No direct appeal was filed, but Harper filed a 28 U.S.C. § 2255 Motion to Vacate on October 26, 2016, that was denied by the court on February 10, 2017. (Dkt. 39). Harper then filed another 2255 Motion to Vacate on July 24, 2017, which was dismissed by the court on July 27, 2017 as an unauthorized successive section 2255 motion. (Dkt. 41). Harper has now filed a "Motion for Reconsideration of Sentence Pursuant to 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming" in which she indicates her original sentence was too harsh given her criminal history category.

18 U.S.C. §3742(a) allows a defendant to appeal an otherwise final sentence if it was imposed in violation of the law, incorrectly applied the sentencing guidelines, was greater than the applicable maximum guideline, or was plainly unreasonable. 18 U.S.C. § 3742(e) provides objectives for the court of appeals to consider when reviewing the record in such an appeal, including whether the sentence incorrectly applied the

sentencing guidelines, departed to an unreasonable degree from the guidelines, or was plainly unreasonable. Neither 18 U.S.C. § 3742(a) or (e), however, confer jurisdiction upon the district court to review a final sentence absent a remand after direct appeal. *See United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993); *see also Pepper v. United States*, 562 U.S. 476, 504, 131 S.Ct. 1229 (2011) (holding that a district court cannot be categorically precluded from considering evidence of a defendant's postsentencing rehabilitation, but only *after* the defendant's initial sentence was set aside on direct appeal).

Here, any direct appeal of Harper's sentence would now be time-barred. Federal Rule of Appellate Procedure 4(b)(1) requires a defendant's notice of appeal to be filed with the district court within 14 days of the entry of the judgment being appealed. Harper's Judgment became final 14 days after July 18, 2016. *See also* Fed. R. Crim. Pro. 35(a) (requiring a motion to correct sentence to be filed within 14 days of sentencing).

Notwithstanding the jurisdictional bar to an appeal, the court also finds Harper waived the right to appeal or collaterally attack her sentence in her Plea Agreement. Harper's Plea Agreement contained a provision indicating that she knowingly and voluntarily waived any right to appeal or collaterally attack the prosecution, her conviction, or the components of the sentence imposed. (Dkt. 28, p. 6). Harper does not contend that she entered the plea knowingly and voluntarily, and the court finds no reason why the waiver in the Plea Agreement should not be enforced. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (setting standards for enforcement). Harper's present claims fall directly within the scope of the waiver provision.

2

Because Harper alleges that her sentence was incorrectly imposed due to an improper application of her criminal history at the time of sentencing, Harper's motion could be construed as a request to vacate her sentence under 28 U.S.C. § 2255, which allows a prisoner to collaterally attack a sentence imposed without jurisdiction or in excess of the maximum authorized by law. But, Harper has previously filed two prior 2255 motions attacking her sentence, both of which were denied by this court. Section 2255(h) prohibits successive 2255 motions unless they are certified by an appropriate court of appeals panel to contain either newly discovered evidence or a new rule of constitutional law. Harper did not obtain such certification here, nor would she have been entitled to certification in this instance. Her motion identifies no new evidence that would have established by clear and convincing evidence that a reasonable factfinder would not have found her guilty of the offense, and she has cited no new rule of constitutional law applicable to her case that was previously unavailable at the time of her earlier motions. *See* 28 U.S.C. § 2255(h)(1)-(2).

The court consequently finds that it is without jurisdiction to grant Harper's motion under either 18 U.S.C. § 3742(e) or 28 U.S.C. § 2255. To the extent Harper's motion is not time-barred, her claims for relief are precluded by the waiver provisions of her voluntary Plea Agreement or as unauthorized successive section 2255 claims.

At its broadest possible construction, Harper's motion could be considered a request for the court to make a non-binding recommendation to the Bureau of Prisons taking into account her conduct while in custody. Harper provided the court with information showing she has completed a number of classes since her incarceration in

topics as varied as stress management, investments, crafting, and health care. 18 U.S.C. § 3624(c)(1) authorizes the Bureau of Prison's Director to assign an inmate to a halfway house or residential reentry center for a portion of the inmate's final term of imprisonment not to exceed 12 months. Section 3621(b)(4)(B) provides that even though the Director has ultimate responsibility for the defendant's placement, the Director shall consider any statement the sentencing judge makes recommending the appropriate type of correctional facility. In this instance, the court finds it appropriate to recommend to the Bureau of Prisons that Harper be considered for placement in a halfway or residential reentry center prior to the end of her sentence, and that such placement be "of sufficient duration to provide the greatest likelihood of successful reintegration in the community." *See* 18 U.S.C. § 3624(c)(6)(C).

The court therefore DISMISSES Harper's Motion for Reconsideration of Sentence Pursuant to 18 U.S.C. §3742(e) (Dkt. 42) for lack of jurisdiction, as set forth above. To the extent the motion could be construed as a successive section 2255 motion to vacate, the court declines to issue a certificate of appealability or transfer the matter to the Tenth Circuit Court of Appeals because there is no evidence that reasonable jurists would find the district court's assessment of the claims raised by Harper to be debatable or wrong. *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004).

IT IS SO ORDERED this 7th day of February, 2020.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT